[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JUNE 25, 1996
The plaintiff brings this action against numerous defendants seeking a foreclosure of a certain mortgage deed executed by the defendants along with a deficiency judgment against those defendants.
The defendant, John L. Roper, Executor of the estate of William J. Roper has filed a special defense alleging that the plaintiff may not obtain a deficiency judgment against the estate since the plaintiff's claim has not been rejected by the executor as required by C.G.S. § 45a-363. The plaintiff has moved to strike that special defense as being legally insufficient.
In considering the claims of the parties it is important to note that it is not the claim of the estate that a deficiency judgment cannot be obtained because no claim was made therefore to the executor. Indeed, the estate admits that a claim relating to a deficiency judgment has been made. Rather, it is the estate's claim that the action, insofar as it seeks a deficiency judgment, cannot proceed until that claim has been rejected by CT Page 4898 the executor. In this regard this case is distinguishable fromConnecticut National Bank v. Daniel Kenny, Executor, et al., 1990 W.L. 288707, 1 CONN. L. RPTR. 559 (Conn.Super.) which was cited by the defendant estate in support of its position.
It should be noted further that the estate does not claim that the plaintiff is barred from seeking a strict foreclosure as opposed to a deficiency judgment. It is the claim of the estate that any deficiency must be presented to the executor, and, if denied, made the subject of a claim in the Probate Court.
After a review of the briefs and authorities presented by the respective parties, the court agrees with the position of the plaintiff. C.G.S. § 49-14(a) gives the Superior Court jurisdiction to enter a deficiency judgment subsequent to a strict foreclosure when the value of the subject property is insufficient to satisfy the plaintiffs claim. This court does not agree with the position of the defendant estate that the death of a mortgagor and creation of an estate deprives the Superior Court of that jurisdiction and confers it in the Probate Court.
A deficiency judgment is an integral part of a foreclosure action and its terms inextricably interwoven with those of the underlying judgment of foreclosure. Assuming a claim has been timely fled against the estate, the plaintiff should be able to make its claim in this court for a deficiency judgment which could then be presented to the executor and if denied made the subject of a hearing in the Probate Court.
The plaintiff's motion to strike the special defense of the defendant estate is therefore granted.
THOMPSON, J.